# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 17-30758
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2018

Lyle W. Cayce
Clerk

ROBAE AUSTIN,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

———————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-276

———————

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Robae Austin, Louisiana prisoner # 366497, appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction for second degree murder. In reviewing the denial of § 2254 relief, this court reviews issues of law de novo and findings of fact for clear error, applying the same deference to the state court's decision as the district court under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30758

Antiterrorism and Effective Death Penalty Act (AEDPA).  *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

On appeal, Austin asserts that his right to an impartial jury was violated because the jury foreperson failed to respond honestly to a voir dire question inquiring whether anyone had a friend who had been a victim of a crime.  After the verdict, Austin discovered that the juror had two friends who had been murdered, and Austin filed a motion for new trial raising the issue.  At a hearing on the motion, Austin requested that the foreperson and another juror be allowed to testify.  The trial court did not allow the witnesses to testify and denied the motion.

In order to obtain a new trial due to a juror's alleged failure to completely and truthfully answer the questions posed to her during voir dire, the defendant must demonstrate that the complained of juror failed to provide an honest answer to a material question and that a truthful response would have provided a valid basis to challenge the juror for cause.  *Hatten v. Quarterman*, 570 F.3d 595, 600 (5th Cir. 2009); *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).  The district court determined that the foreperson was a fair and impartial juror based on her voir dire responses.  Thus, even if the foreperson should have been allowed to testify at the hearing as Austin asserts, he has failed to satisfy the foregoing standard as he has not shown a valid basis to challenge her for cause due to her friendship with two murder victims.  *See, e.g., State v. Mitchell*, 7 So. 3d 720, 730-32 (La. Ct. App. 2009); *State v. Robinson,* 11 So. 3d 613, 622 (La. Ct. App. 2009); *McDonough*, 464 U.S. at 556.  Austin has not demonstrated that there was no reasonable basis for the state court to deny relief on his claims.  *See Harrington v. Richter*, 562 U.S. 86, 98-99 (2011); § 2254(d).

Accordingly, the district court's judgment is AFFIRMED.